Per Curiam.

This is a petition to this Court for a writ of mandamus to the county commissioners for this county, requiring them to award costs for the petitioners in the case specially set forth in their petition. It appears from the petition itself, that they made a motion to the commissioners for costs, and the motion was disallowed. The effect of the petition therefore is in nature of an appeal, and the purpose is to require the commissioners to reverse their decision upon the question of costs. Without expressing any opinion whether the petition *250 ers were entitled to costs as a matter of right, or whether the commissioners had a discretionary authority to grant costs, or under the circumstances of the case ought to have granted them, we are clearly of opinion that the writ of mandamus ought not to issue. This writ lies either to compel the performance of ministerial acts, or is addressed to subordinate judicial tribunals, requiring them to exercise their functions and render some judgment in cases before them, when otherwise there would be a failure of justice from a delay or refusal to act. But when the act to be done is judicial or discretionary, this Court will not direct what decision shall be made. This point has been distinctly decided in an early case in the Supreme Court of the United States. United States v. Lawrence, 3 Dallas, 42. There it was held that the court had no power to require a judge to decide according to the dictates of any judgment but his own ; that as the district judge, in the case before him, in refusing to issue a warrant, had acted in a judicial capacity, they could not interfere to control or reverse bis decision. In the case before us, the county commissioners, as the successors of the court of sessions, having acted in a judicial capacity, upon a question properly submitted to their judgment, it is not a proper case for a writ of mandamus.[1]

Petitioners take nothing.

 The intimation in the above case, “ that where a court is imperatively required to allow costs, as incident to a judgment, a mandamus will in no case be granted, requiring such court to allow and tax them,” has since been qualified in the case of Morse, Petitioner, 18 Pick. 445 to 447. See also Rice v. County Comm. of Middlesex, 13 Pick. 227, 228; People v. Superior Court of City of N. York, 10 Wendell, 285; People v. Superior Court of City of N. York, 5 Wendell, 114; Ex parte Bacon, 6 Co wen, 392; Louisiana College v. Treasurer, 2 Louisiana R. 394.